## ECKENROTH v. PROVIDENT LIFE & ACCIDENT INS. CO. OF CHATTANOOGA, TENN.

### No. 3509.

Court of Civil Appeals of Texas. El Paso.

March 18, 1937.

G. Woodson Morris, of San Antonio, for appellant.

Grady Barrett, of San Antonio, for appellee.

NEALON, Chief Justice.

April 15, 1935, appellant sued appellee for $240, being principal, interest, and attorney's fees upon an alleged liability arising upon a contract of accident insurance.

May 4, 1935, appellee answered, and in addition to general demurrer and general denial, alleged that on May 18, 1934, the parties hereto compromised the claim and appellee paid the amount agreed on to appellant, and received from her a full release of all claims arising by reason of the policy of insurance and appellant's injuries.

By supplemental petition appellant alleged that when she signed the alleged release she was told by appellee's representative that it was a receipt for the amount due her up to the time of the alleged compromise; that she did not read the alleged release, nor the draft received by her at the time; that they were not read to her by appellee's agent; that had she known that said papers (the release and the draft) "were a settlement in full of all her claim under said policy, she would not have signed same"; that she believed what appellee's agent told her and relied upon same, and prayed that the same be set aside. She alleged a willingness to give appellee credit for the amount received upon whatever judgment she should recover.

Appellee, on February 5, 1936, filed a supplemental answer denying the allegations of appellant's supplemental petition and alleging further that it had compromised the claim for a valuable consideration before any sum had matured thereon; that by cashing the draft which was delivered to her in settlement, appellant waived any alleged fraud and ratified the settlement, as the draft showed plainly that it was given in full settlement of the alleged claim; that appellee's agent in making the settlement relied upon the statement of appellant's doctor and herself, both of whom estimated that she would be able to return to work about May 21, 1934; while she was paid the benefits that would accrue up to May 24, 1934.

The jury was instructed to find for the defendant. The verdict was so returned and judgment rendered accordingly.

### Opinion.

1. In this court appellant urges two reasons for reversal, the first being that the court erred at the close of appellant's evidence in refusing to allow her to file a trial amendment alleging that she was ignorant, possessed little or no education, was inexperienced in business matters, and particularly in respect to releases, and at the time of the alleged execution of the pleaded release was not in a normal mental and physical condition, and that there was a fiduciary relation existing between her and the agent of appellee. The court did not abuse its discretion in refusing to allow the trial amendment to be filed. It did not allege any ground of fraud, and it alleged neither mental incapacity to understand the release nor physical inability to read it, nor was any excuse for delay in offering the amendment shown.

2. The court did not err in instructing for defendant. Appellant was injured May 7; she was a seamstress and saleslady in a mercantile establishment; she could read and write the English language. Her language was, "I can read pretty good." She signed the release and the draft. She admitted that appellee's adjuster did not prevent her from reading the release. She was not prevented from reading the draft she cashed. The adjuster did not keep her from reading it, nor did the banker who cashed it. Dr. Dreiss, who had been appellant's physician five or six years, made the preliminary report in which he estimated she would be able to return to work about May 21st.

Appellant in her own handwriting made a preliminary report in which she furnished data as to the manner and character of the injury, the kind of work she was doing, her weekly wage, and other like matters, and in which she estimated that she would be able to return to perform some of her duties about May 21, 1934. This statement was on one of appellee's blanks, and was returned to it by mail, evidently by her physician, with whom she had left it. Accrued indemnity for loss of time was payable at the expiration of each thirty-day period during which the company was liable. The settlement was made eleven days after the injury was received and for an amount equal to the indemnity that would accrue for three more days than the estimated length of disability.

The first words of the body of the release read: "On account of immediate and advanced settlement, I now accept the sum of twenty-two and 66/100 Dollars ($22.66) in full compromise of all indemnity or benefits under Policy No. PAW-4181," etc.; and ended with a similar clause discharging the company from "any further indemnity for said disability," etc. The original instruments were incorporated in the statement of facts and show these clauses to be in the same type as the body of the instrument, which in its entirety consists of only ten lines. The draft which appellant received and cashed carries on its face a somewhat similar release in the same type as the body of the instrument. Upon the back of this instrument just above appellant's indorsement is yet another recital that the sum therein named is received in full and final settlement of all claims theretofore made by payee against appellee. It appears that the insurer acted in good faith upon the estimates made by appellant and her physician as to the probable duration of her disability, paid her for several additional days, and made payment at least nineteen days before the contract obligated it to pay. Appellant was not prevented from reading either the release or the draft. She so testified. She testified to no pressure or undue influence or misrepresentation of her condition upon the part of appellee. The only representations made as to her condition came from herself and her physician. The advanced payment was made at her request. It was sought by her, not urged by appellee. No prima facie case of fraud having been made, the court correctly instructed a verdict in appellee's favor.

Judgment is affirmed.